T.C. Memo. 1997-455


UNITED STATES TAX COURT


BONITO RUIZ MOLINAR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 411-95.                    Filed October 8, 1997.


Bonito Ruiz Molinar, pro se.

Franklin Hise, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined deficiencies in

petitioners' Federal income tax and additions to tax and

penalties as follows:

| | | Additions to tax and penalties | |
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6663 |
| 1988 | $15,843 | $11,882 | |
| 1989 | 29,538 | | $22,154 |
| 1990 | 41,403 | | 31,052 |

Respondent also determined that if petitioner was not liable for fraud, he was liable for additions to tax and penalties for negligence under section 6653(a)(1) for 1988, penalties for negligence under section 6662 for 1989 and 1990, an addition to tax for substantial understatement under section 6661 for 1988 and additions to tax for failure to timely file under section 6651(a)(1) for 1988 and 1990.

After concessions, the issues for decision are:

(1)  Whether, as respondent contends, petitioner had unreported income of $55,100 in 1988, $114,385 in 1989, and $23,966 in 1990.  We hold that he did.

(2)  Whether petitioner is liable for fraud for 1988, 1989, and 1990.  We hold that he is.[1]

Section references are to the Internal Revenue Code in effect in the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

A.  Petitioner

Petitioner is a single individual who lived in New Mexico when he filed his petition.

---

[1] We need not consider respondent's alternative determinations.

1. <u>1988</u>

Petitioner bought the El Rancho Motel (the motel) in Deming, New Mexico, for $175,000 on October 1, 1988. He owned and operated it during the years in issue. He paid $50,000 as a downpayment and agreed to pay the balance at $1,385.88 per month. He had gross receipts of $3,193 and expenses of $9,512 (including $1,819 for depreciation) from the motel in 1988, for a net loss of $6,319.

Petitioner reported no other income or deductions for 1988, 1989, and 1990. Petitioner spent $12,600 for personal living expenses in each year in issue.

2. <u>1989</u>

Petitioner had gross receipts of $10,500 and expenses of $35,104 (including $11,806 for depreciation) from the motel in 1989, for a net loss of $24,604.

On March 3, 1989, the Valencia County Sheriff's Department arrested petitioner in Valencia County, New Mexico, for possession of marijuana with intent to distribute. He owned a Ford pickup truck in which he was traveling that had a compartment in the gas tank which concealed 70 pounds of marijuana wrapped in cellophane. The marijuana had a wholesale value of $56,000. He had $1,447.97 in U.S. currency and 365,670 Mexican pesos with him when he was arrested. The Valencia County Sheriff's Department seized the truck. Petitioner was charged, convicted, and placed on probation for 1 year for this offense.

On March 20, 1989, petitioner paid $6,000 to the Sheriff's Department to recover his Ford truck. Later in 1989, the Drug Enforcement Agency (DEA) seized the truck. The gas tank was still modified to conceal marijuana. The DEA seized it because it had been used to transport illegal narcotics.

Petitioner bought a 1990 Chevrolet truck for $21,556 on December 28, 1989. Petitioner paid for the truck in full.

3.    1990

Petitioner had gross receipts of $8,767 and expenses of $15,803 (including $9,099 for depreciation) from the motel in 1990, for a net loss of $7,036. He also had $18,078 in rental income for 1990. He also received $5,000 as damages for an auto accident in Belen, New Mexico, in July 1988.

In 1990, petitioner was in the first of two pickup trucks traveling together that were stopped by the border patrol of the DEA. There were no drugs in the first truck. The second truck had 115 pounds of marijuana with a wholesale value of $92,000 wrapped in cellophane and concealed in the gas tank. The driver of the second truck had petitioner's name and telephone number in his possession. The driver of the second truck was convicted of a drug offense. Petitioner was not. Petitioner paid legal fees of $5,000 for criminal defense work.

Petitioner gave $15,000 to his brother in 1990.

4.   Petitioner's Income Tax Returns

William D. Kennon, a certified public accountant in Deming, New Mexico, prepared petitioner's Federal income tax returns for the years in issue.

Petitioner reported losses from the motel of $6,319 in 1988, $24,604 in 1989, and $7,036 in 1990.  Those losses included depreciation of $1,819 in 1988, $11,806 in 1989, and $9,099 in 1990.  He filed his 1989 return on or after October 10, 1990, and his 1990 return on or after October 15, 1991.

B.   Respondent's Audit and Determination

The U.S. Attorney's office told Kathleen Roberts (Roberts), respondent's revenue agent, that petitioner may have unreported income because he was a drug trafficker.  Roberts first audited only petitioner's 1988 tax year, but later audited 1989 and 1990. Roberts met once with petitioner and once at a different time with his representative.  Roberts asked them to produce books and records for the years in issue, but they never did.  Petitioner first told Roberts that his records were in Mexico.  Later, petitioner told Roberts that his records had been stolen.

Roberts used the source and application of funds method to calculate petitioner's income for the years in issue because petitioner did not have records, petitioner engaged in illegal drug activities, and he spent much more than he reported as income on his tax returns.  Roberts' audit of petitioner revealed the following:

|                         | 1988     | 1989      | 1990     |
|-------------------------|----------|-----------|----------|
| **Source**              |          |           |          |
| Cash on hand            | $12,000  |           |          |
| Insurance proceeds      |          |           | $5,000   |
| Depreciation            | 1,819    | $11,806   | 9,099    |
| Gross receipts          |          | 10,500    | 8,767    |
| Sch. E income           |          |           | 30,000   |
| Total sources           | $13,819  | $22,306   | $52,866  |
| **Application**         |          |           |          |
| Sch. C expenses         |          | $35,104   | $15,803  |
| Net loss, Sch. C        | $6,319   |           |          |
| Purchase motel          | 50,000   |           |          |
| Personal living expense | 12,600   | 12,600    | 12,600   |
| Purchase truck          |          | 21,556    |          |
| Purchase truck          |          | 6,000     |          |
| Equity motel            |          | 5,431     | 6,457    |
| Marijuana               |          | 56,000    | 92,000   |
| Gift to brother         |          |           | 15,000   |
| Legal fees              |          |           | 5,000    |
| Sch. E expenses         |          |           | 11,922   |
| Cash payment motel      |          |           | 10,050   |
| Total applications      | $68,919  | $136,691  | $168,832 |
| **Excess of applications over sources** | 55,100 | 114,385 | 115,966 |

Respondent determined the deficiencies at issue in this case based on Roberts' analysis.

C. Trial

Petitioner did not appear at trial or request a continuance, and no one appeared on his behalf.

At trial, respondent conceded that the $92,000 of marijuana seized by the DEA in 1990 from the second vehicle should not be counted as an application of petitioner's funds.[2]

---

[2] Respondent now contends that for 1990, petitioner is liable for a deficiency of $7,851 and a penalty for fraud under sec. 6663 of $5,888.

OPINION

A.  Deficiencies

Taxpayers must maintain sufficient records to determine their correct tax liabilities.  Sec. 6001.  The Commissioner may reconstruct income using any method that is reasonable in light of all facts and circumstances if a taxpayer does not keep sufficient records.  Sec 446; Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989); Harbin v. Commissioner, 40 T.C. 373, 376 (1963).

This Court has approved the Commissioner's use of the source and application of funds method to reconstruct income.  Vassallo v. Commissioner, 23 T.C. 656, 661-662 (1955).  This method is based on the assumption that the amount by which the taxpayer's application of funds exceeds his or her known sources of income is taxable income, unless the taxpayer shows that he or she had a nontaxable source.  See Taglianetti v. United States, 398 F.2d 558, 562 (1st Cir. 1968).

Petitioner did not have adequate records.  Respondent used the source and application of funds method to reconstruct petitioner's income for the years in issue and to determine the deficiencies and additions to tax in this case.  At trial, respondent's agent explained the basis for each source and application that she used to reconstruct petitioner's income in this case.  Respondent's agent interviewed petitioner and his representative and obtained documents from third parties to

reconstruct petitioner's income. By applying the source and application of funds method, respondent's agent concluded that petitioner had income of $55,100 in 1988, $114,385 in 1989, and $23,966 (as adjusted for respondent's concession) in 1990.

Respondent's determination is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner did not do so. He did not contact the Court to explain why he did not appear for trial. In his petition, petitioner contended that respondent's method of reconstructing income was incorrect because he had a cash hoard from Mexico before 1988. However, there is no evidence that he had a cash hoard.

We sustain respondent's determinations as to the deficiencies for 1988, 1989, and 1990 (except as conceded by respondent for 1990).

B. Fraud

Respondent determined that petitioner is liable for the addition to tax for fraud under section 6653(b) for 1988 and the fraud penalty under section 6663 for 1989 and 1990. A taxpayer is liable for an addition to tax or penalty for fraud equal to 75 percent of the part of the underpayment that is due to fraud. Secs. 6653(b), 6663(a). If the Commissioner shows that any part of an underpayment is due to fraud, the entire underpayment is treated as due to fraud unless the taxpayer proves that part of the underpayment is not due to fraud. Secs. 6653(b)(2), 6663(b).

Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660 (1990). First, respondent must prove that there is an underpayment. Parks v. Commissioner, supra. Respondent may not rely on the taxpayer's failure to carry the burden of proving the underlying deficiency. Parks v. Commissioner, supra at 660-661. Second, respondent must show that the taxpayer intended to evade taxes by conduct intended to conceal, mislead, or otherwise prevent tax collection. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Parks v. Commissioner, supra at 661; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

1.  Underpayment

Respondent may prove that the taxpayer underpaid tax by proving that the taxpayer had a likely source of the unreported income, Holland v. United States, 348 U.S. 121 (1954); Parks v. Commissioner, supra; Nicholas v. Commissioner, 70 T.C. 1057 (1978), or, where the taxpayer alleges a nontaxable source, by disproving the alleged nontaxable source; United States v. Massei, 355 U.S. 595 (1958); Kramer v. Commissioner, 389 F.2d 236, 239 (7th Cir. 1968), affg. T.C. Memo. 1966-234; Parks v. Commissioner, supra. Petitioner does not allege that he had nontaxable sources of income. His only known source of legal income was the motel. Petitioner's illegal drug trafficking activities were a likely source of his unreported income.

Petitioner underpaid his tax each year for which Roberts applied the source and application of funds method.

2. Fraudulent Intent

Respondent must prove by clear and convincing evidence that petitioner had fraudulent intent. Parks v. Commissioner, supra at 664. Fraud is defined as actual, intentional wrongdoing, Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), or intentionally committing an act for the specific purpose of evading a tax believed to be owing. Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81.

The Commissioner may prove fraud by circumstantial evidence because direct evidence of the taxpayer's intent is rarely available. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). The courts have developed a number of objective indicators or "badges" of fraud, such as: (a) A pattern of understatement of income, (b) inadequate books and records, (c) implausible or inconsistent explanations of behavior, (d) engaging in illegal activities, and (e) failure to cooperate with tax authorities. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. We consider all of the facts and circumstances of each case to decide if fraudulent intent is present. King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 516 (1992); Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).

### a. A Pattern of Substantially Understating Income

A pattern of substantially underreporting income over several years is evidence of fraud. Holland v. United States, supra at 137-139; Estate of Mazzoni v. Commissioner, 451 F.2d 197, 202 (3d Cir. 1971), affg. T.C. Memo. 1970-37 and T.C. Memo. 1970-144. Petitioner underreported his income by $55,100 in 1988, $114,385 in 1989, and $23,966 in 1990. A pattern of consistent underreporting of income for several years, especially when accompanied by other circumstances showing intent to conceal such as dealing in illegal drugs, is strong evidence of fraud. Holland v. United States, supra; Patton v. Commissioner, 799 F.2d 166, 171 (5th Cir. 1986), affg. T.C. Memo. 1985-148; Estate of Mazzoni v. Commissioner, supra; Anderson v. Commissioner, 250 F.2d 242, 250 (5th Cir. 1957), affg. on this issue T.C. Memo. 1956-178.

### b. Failing to Maintain Adequate Records

A taxpayer's failure to keep adequate records is a badge of fraud. Bradford v. Commissioner, supra; Lollis v. Commissioner, 595 F.2d 1189, 1192 (9th Cir. 1979), affg. T.C. Memo. 1976-15. Petitioner did not keep adequate records.

### c. Implausible or Inconsistent Explanations

Implausible or inconsistent explanations of behavior by a taxpayer to respondent's agents can show that he or she had fraudulent intent. Bradford v. Commissioner, supra at 307; Grosshandler v. Commissioner, 75 T.C. 1, 20 (1980). Petitioner

told Roberts that his books and records were in Mexico. Later, he told Roberts that his books and records had been stolen.

### d. Engaging in Illegal Activities

Engaging in illegal activities is evidence that the taxpayer intends to evade tax. Bradford v. Commissioner, supra at 308; see Patton v. Commissioner, supra (income from illegal activities is a badge of fraud). Petitioner engaged in illegal drug activities during the years in issue.

### e. Failure to Cooperate With Tax Authorities

A taxpayer's failure to cooperate with the Commissioner's examining agents is a badge of fraud. Bradford v. Commissioner, supra. Petitioner did not cooperate with Roberts.

### 3. Conclusion

Respondent has proven by clear and convincing evidence that petitioner is liable for the addition to tax and penalty for fraud. We sustain respondent's determination except for the concession for 1990, and hold that petitioner is liable for the addition to tax for fraud under section 6653(b) for 1988 and the penalty for fraud under section 6663 for 1989 and 1990 and that all of the underpayments are due to fraud.

To reflect the foregoing and respondent's concession,

Decision will be

entered under Rule 155.